**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4166**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DONALD RAY CRAIG,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00044-FDW-1)

Submitted:  March 18, 2009                Decided:  March 31, 2009

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Steven Slawinski, Ross H. Richardson, Emily Marroquin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Ray Craig pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e) (2006). Craig was sentenced as an armed career criminal to 210 months' imprisonment. On appeal, his sole argument is that the district court erred in admitting and considering victim testimony from his adoptive father, Mr. Craig. Finding no reversible error, we affirm.

At sentencing, the Government called Mr. Craig to testify. Craig objected, arguing Mr. Craig was not a crime victim under the Crime Victims Reform Act, 18 U.S.C.A. § 3771 (West Supp. 2008) ("CVRA"), and thus any victim impact testimony from him would be improper. The district court agreed that he was not a victim for purposes of CVRA, but admitted the testimony, as well as a letter the court received from Mr. Craig prior to sentencing, under relevant conduct. After hearing the parties' arguments and considering the 18 U.S.C. § 3553(a) (2006) sentencing factors, the district court sentenced Craig to 210 months' imprisonment.

"Rulings related to admission and exclusion of evidence are addressed to the sound discretion of the trial judge and will not be reversed absent an abuse of that discretion." United States v. Stitt, 250 F.3d 878, 896 (4th

Cir. 2001). A district court "abuses its discretion when it makes an error of law." <u>Koon v. United States</u>, 518 U.S. 81, 100 (1996). Evidentiary rulings are also subject to review for harmless error under Federal Rule of Criminal Procedure 52(a), and will be found harmless if the reviewing court can conclude, "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." <u>United States v. Brooks</u>, 111 F.3d 365, 371 (4th Cir. 1997) (internal quotations and citation omitted); <u>see</u> <u>also</u> <u>United States v. Patrick</u>, 988 F.2d 641, 647-48 (6th Cir. 1993) ("[I]mproprieties on the part of sentencing judges are subject to review under the harmless error rule.").

In this case, the district court admitted Mr. Craig's statements as consideration of relevant conduct, conduct the court is required to consider in sentencing Craig. <u>See</u> USSG § 1B1.3(a)(1) (stating court can consider "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"). Although Craig concedes that the district court was permitted to consider Mr. Craig's statements, he maintains that the court relied on

3

Mr. Craig's victim status to permit testimony that did not necessarily relate to relevant conduct.

The district court explained the reasons for its sentence in great detail, relying primarily on Craig's extensive criminal history. There is no indication in the record that the district court was "substantially swayed" by Mr. Craig's testimony. <u>Brooks</u>, 111 F.3d at 371. Thus, we conclude that, even assuming there was error in admitting the statements, the error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4